UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RELIASTAR LIFE INSURANCE
COMPANY,

           Plaintiff,

-vs-                                            Case No.  5:04-cv-221-Oc-10GRJ

CATHIE M. KNIGHTEN, KERSTEN D.
KNIGHTEN, CHANDRA N. MOORE,
CAREY E. KNIGHTEN, KIMBERLY E.
KNIGHTEN, BUFFY J. PYE,

           Defendants.
_____

## **O R D E R**

This statutory interpleader action is before the Court for consideration of Defendant Cathie M. Knighten's Objection to Plaintiff's Application for Attorney's Fees and Costs and Plaintiff's Motion for Default Judgment (Docs. 14, 19, 21), Defendant Cathie M. Knighten's Motion for Release of Funds (Docs. 15, 18), and the Plaintiff's Second Motion for Default Judgment (20).[1]

## **BACKGROUND**

On June 1, 2004, the Plaintiff, Reliastar Life Insurance Company, filed a Complaint for Interpleader.  The Plaintiff alleges that on May 10, 1972, it issued a life insurance policy to Emery E. Knighten, Jr., the proceeds of which amount to $15,000.  Mr. Knighten

---

[1] Docs. 18 and 19 are amended versions of the Defendant Cathie M. Knighten's objection and motion for release of funds.  The documents are only amended to correct spacing.

designated Cathie M. Knighten, his wife, as the first beneficiary of the proceeds of the policy. Mr. Knighten further designated Kersten D. Knighten (daughter), Chandra N. Moore (step-daughter), Carey E. Knighten (son), Kimberly E. Knighten (daughter), and Buffy J. (Knighten) Pye (daughter) as contingent beneficiaries of the policy proceeds.  After Mr. Knighten died on August 4, 2003, Cathie M. Knighten, who was at that time Mr. Knighten's former wife, Carey E. Knighten, and Buffy J. Pye made claims for payment under the policy.[2]  The Plaintiff alleges that "[b]y reason of these conflicting claims of the Defendants, Plaintiff is in doubt as to which Defendants are entitled to be paid the proceeds of the policy."

On August 2, 2004, the Court granted the Plaintiff's motion to stay the proceedings for a period ninety days to allow the parties to possibly resolve the case without any further litigation (Docs. 6, 7).

On October 29, 2004, the Plaintiff moved for default judgment (Doc. 8).  The Plaintiff's motion represented that three of the Defendants had waived any claim to the policy proceeds (Buffy J. Pye, Carey E. Knighten, and Chandra N. Moore).  The Plaintiff also stated that no Defendant had filed an answer to the Complaint for Interpleader, despite being properly served.  Accordingly, the Plaintiff requested the Court to enter a default judgment against the Defendants who had failed to answer or sign a waiver (Kersten D. Knighten and Kimberly E. Knighten), and allow the Plaintiff to pay the proceeds of the

---

[2] Defendant Cathie M. Knighten's objection notes that she and the decedent divorced in 1994. See Doc. 14, pg. 3.

policy into the registry of the Court, or direct the Plaintiff to disburse the policy proceeds, less attorney's fees, to the primary beneficiary, Cathie M. Knighten.

In response, the Court directed the Plaintiff to send a copy of the Plaintiff's motion and the Court's Order to Cathie M. Knighten, Kertsen D. Knighten, and Kimberly E. Knighten by certified mail because the Plaintiff's Certificate of Service reflected that its motion was only served on Mary M. McDaniel, an attorney allegedly representing these Defendants but who had not entered in appearance in the case (Doc. 9). The Court further advised these Defendants that if they failed to respond to the Plaintiff's motion and the Court's Order within ten days, the Magistrate Judge would recommend that a judgment of interpleader by default be entered in favor of the Plaintiff and an award of attorney's fees and costs for the Plaintiff.

The record reflects that on December 2, 2004, Kimberly E. Knighten received a copy of the Plaintiff's motion and the Court's Order, and on December 3, 2004, Cathie M. Knighten and Kersten D. Knighten received a copy of the Plaintiff's motion and the Court's Order (Doc. 10).

On December 30, 2004, the Court denied without prejudice the Plaintiff's motion for entry of default judgment (Doc. 11). The Court concluded that the Plaintiff did not meet the requirements for interpleader under Federal Rule of Civil Procedure 22 because the amount in controversy was only $15,000, and Rule 22 requires the Plaintiff meet the jurisdictional threshold of $75,000. The Court also concluded that the Plaintiff did not meet the requirements of statutory interpleader, pursuant to 28 U.S.C. § 1335, because the

3

Plaintiff had not deposited the policy proceeds into the registry of the Court. The Court, however, granted the Plaintiff an opportunity to cure the jurisdictional defect by depositing the policy proceeds of the insurance policy into the Court's registry. The Court further ordered that the Plaintiff serve a copy of its Order, as well as file and serve an affidavit detailing the Plaintiff's request for attorney's fees and costs, on the remaining Defendants, to which the Defendants were given fifteen days to respond.

In response to the Court's Order, the Plaintiff deposited $15,000 into the registry of the Court, filed an affidavit in support of its request for attorney's fees and costs, and served the remaining Defendants with the Court's Order and the Plaintiff's affidavit on January 12, 2005 (Doc. 12).

On January 25, 2005, Defendant Cathie M. Knighten filed an objection to the Plaintiff's application for attorney's fees and motion for default judgment (Doc. 14). Defendant Cathie M. Knighten argues that "[t]here was no need for Plaintiff to have ever filed an interpleader action in this matter." She states that "[t]he five named contingent beneficiaries on the policy have no claim to the proceeds if the first named beneficiary is surviving at the decedent's death." "There has never been a real issue regarding entitlement to the proceeds of the policy." She also states that the two contingent named beneficiaries who initially made claims under the policy have signed waivers. With respect to the Plaintiff's request for attorney's fees and costs, Defendant Cathie M. Knighten contends that the Plaintiff's claim to more than one-third of the amount of the policy proceeds is "exorbitant and unreasonable." Furthermore, she argues that the Plaintiff has

failed to provide the requisite specificity to substantiate the time and costs spent prosecuting this action.

On January 31, 2005, Defendant Cathie M. Knighten filed a motion for release of funds (Doc. 15). In support of her motion, she contends that there was no need for the Plaintiff to ever file an interpleader action. Furthermore, Defendant Cathie M. Knighten states that she is entitled to the proceeds of the policy as the first beneficiary since all of the contingent beneficiaries have filed waivers, except for Kersten D. Knighten. And since Defendant Cathie M. Knighten is the mother of Kersten, who is a minor, she may settle any claims on Kersten's behalf.

In response, the Plaintiff argues that an interpleader action was appropriate in this case (Doc. 16). The Plaintiff states that between September and December 2003, Defendants Cathie M. Knighten, Buffy K. Pye, and Carey E. Knighten filed written claims with the Plaintiff for proceeds under the policy. Additionally, the Plaintiff states that all of the Defendants have failed to agree amongst themselves and inform the Plaintiff of their agreement in writing, thus requiring the Plaintiff to file this action.

On May 3, 2005, the Plaintiff filed a renewed motion for entry of default judgment requesting the Court to enter default judgment against Defendants Kersten D. Knighten and Kimberly E. Knighten for failure to respond to the Plaintiff's Complaint, allow the Plaintiff to recover attorney's fees and costs, and disburse the proceeds of the policy less attorney's fees and costs to Defendant Cathie M. Knighten (Doc. 20). In response,

Defendant Cathie M. Knighten renews her objection to the Plaintiff's request for attorney's fees and costs and argues that this interpleader action was unnecessary (Doc. 21).

## DISCUSSION

*Interpleader Action*

Pursuant to 28 U.S.C. § 1335, district courts have jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the Plaintiff's possession is valued at $500 or more; (2) "two of more adverse claimants, of diverse citizenship" have claims or potential claims for the money or property in controversy; and (3) the Plaintiff deposited the money or property into the registry of the Court or gave a bond payable to the Clerk in the amount of such money or property. The Plaintiff has satisfied all of the requirements for statutory interpleader. The amount in controversy is $15,000, there is adversity and diversity of citizenship between two or more of the claimants,[3] and the Plaintiff has deposited $15,000 into the registry of the Court.

The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund.[4] Accordingly, the interpleader statutes and rules are "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."[5]

---

[3] Two of the claimants are residents of Georgia and four of the claimants are residents of Florida.

[4] See, e.g., Matter of Bohart, 743 F.2d 313, 324 (5th Cir. 1984).

[5] Id. at 325 (internal quotation and citation omitted).

Despite Defendant Cathie M. Knighten's objections, the Court concludes that interpleader is appropriate in this case and the Plaintiff is due to be discharged from liability because it had legitimate fears of multiple litigation against a single fund.  The Plaintiff has shown that three of the Defendants filed claims for the proceeds of the policy and was unable to settle the claims even after this action was filed.  Although it is presently clear that Defendant Cathie M. Knighten's claim will be meritorious, as discussed below, the Plaintiff had a right to file this action in interpleader to avoid the vexation and expense of resisting the adverse claims.[6]

*Motion for Release of Funds*

Defendant Cathie M. Knighten has moved to release the $15,000 in policy proceeds that have been deposited into the registry of the Court by the Plaintiff.  The Court concludes that the policy proceeds, less attorney's fees and costs as set forth below, are due to be released to Defendant Cathie M. Knighten.  The Plaintiff filed this action against

---

[6] See Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556 (8th Cir. 1940) ("It is our opinion that a stakeholder, acting in good faith, may maintain a suit in interpleader for the purpose of ridding himself of the vexation and expense of resisting adverse claims, even though he believes that only one of them is meritorious.  As the Supreme Court said in Myers v. Bethlehem Corporation, 303 U.S. 41, 51, 58 S.Ct. 459, 464, 82 L.Ed. 638: 'Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.'").

"Interpleader jurisdiction is not dependent upon the merits of the respective claims." Stuyvesant Ins. Co. V. Dean Const. Co., 254 F.Supp. 102, 108 (D.C.N.Y. 1966) (citing New York Life Ins. Co. v. Welch, 297 F.2d 787 (1961); Bierman v. Marcus, 246 F.2d 200 (3 Cir. 1957); John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952 (2 Cir. 1953); Hunter, 111 F.2d at 556).

six claimants. Four of those claimants have waived their right to the policy proceeds.[7] And Cathie M. Knighten, as guardian of her minor daughter, Kersten D. Knighten, could waive any rights that Kersten may have to the policy proceeds. Accordingly, the proceeds are due to be released to Cathie M. Knighten, as the only remaining claimant with a right to the proceeds.

*Attorney's Fees and Costs*

The Plaintiff requests $4,738.50 in attorney's fees and $509.52 in costs. The Plaintiff's affidavit in support of it's application for attorney's fees and costs represents that Plaintiff's counsel expended 24.30 hours on this litigation at a rate of $195.00 per hour. Additionally, the Plaintiff represents that it has incurred $509.52 in costs, which it attributes to filing fees, subpoena service, and copies. The Plaintiff does not detail how its counsel spent more than 24 hours of time on this case, and does not include documentation itemizing its costs.

It is well settled that district courts have the authority to award reasonable attorneys' fees and costs in interpleader actions.[8] In bringing this action, the Plaintiff was required to draft and file a complaint, serve process, draft several motions, comply with the Court's orders, and respond to Defendant Cathie M. Knighten's motions. Nevertheless, the case

---

[7] See Doc. 8, Exh. A, Waivers executed by Buffy J. Pye, Carey E. Knighten, and Chandra N. Moore; Doc. 17, Waiver executed by Kimberly E. Knighten.

[8] Corrigan Dispatch Co. V. Casa Guzman, S.A., 696 F.2d 359, 364 (5th Cir. 1983) (citing James Talcott, Inc. V. Allahabad Bank, Ltd., 444 F.2d 451, 467-68 (5th Cir. 1971)); Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1164 (5th Cir. 1976) ("as a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder").

involves a relatively simple matter which, from an examination of the file, should reasonably have required no more than sixteen (16) hours of a lawyer's time in prosecuting the matter. Accordingly, the Court concludes that the Plaintiff is entitled to recover from the fund the sum of $3,120.00 in attorney's fees (16 x $195.00 per hour).  With respect to the Plaintiff's request for costs, the Court concludes that the Plaintiff is due to recover its filing fees and declines to allow the Plaintiff to recover costs associated with subpoena service and copies for failure to provide adequate documentation with regard to these costs.

## CONCLUSION

Accordingly, it is ordered that:

(1) Defendant Cathie M. Knighten's Objections to Plaintiff's Application for Attorney's Fees and Costs and Plaintiff's Motion for Default Judgment (Docs. 14, 19, 21) are OVERRULED insofar as she objects to this interpleader action and OVERRULED IN PART and SUSTAINED IN PART with respect to her objection to the Plaintiff's request for attorney's fees and costs;

(2) Defendant Cathie M. Knighten's Motion for Release of Funds (Docs. 15, 18) is GRANTED IN PART and DENIED IN PART;

(3) the Plaintiff's Second Motion for Default Judgment (20) is GRANTED IN PART and DENIED IN PART;

(4) the Plaintiff is awarded its reasonable attorney's fees in the amount of $3,120.00 and costs in the amount of $150.00;

(5) the Clerk is directed to remit to the Plaintiff's counsel the sum of $3,270.00;[9]

(6) the Clerk is directed to remit to Defendant Cathie M. Knighten the remainder of the policy proceeds, which is the sum of $11,730.00,[10] plus accrued interest, if any;

(7) the claimants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, are enjoined from instituting any action or actions in any other court arising out of or relating to any claim or claims either may have with respect to the fund;

(8) the Plaintiff is discharged of and from any further liability to the Claimants, or either of them, with respect to the obligation represented by the fund; and

(9) the Clerk is directed to enter judgment in favor of Defendant Cathie M. Knighten, terminate all pending motions, and close the file in this matter.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 31st day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[9]   This amount reflects the Plaintiff's recoverable attorney's fees and costs.

[10]   This amount is arrived at by subtracting the Plaintiff's recoverable attorney's fees and costs ($3,270.00) from the amount of policy proceeds that were deposited into the registry of the Court ($15,000).